1999-NMCA-047

978 P.2d 341

**DAVIS & ASSOCIATES, INC., Petitioner–Plaintiff –Crossclaimant–Appellant,**

v.

**MIDCON, INC., Intervenor–Cross–Defendant–Appellee.**

**No. 19,437.**

Court of Appeals of New Mexico.

March 4, 1999.

F. Joel Roth, Ronald J. VanAmberg, Roth, VanAmberg, Rogers, Ortiz & Fairbanks, LLP, Santa Fe, for Appellant.

Kim A. Griffith, Timothy M. Sheehan, Sheehan, Sheehan & Stelzner, P.A., Albuquerque, for Appellee.

## OPINION

DONNELLY, J.

{1} Davis and Associates, Inc. (Davis), appeals from an order of the district court dismissing its cross-claim for unjust enrichment and constructive trust against Midcon, Inc. (Midcon), the successful bidder in a public works project. The principal issue presented on appeal is whether NMSA 1978, § 13–1–183 (1984), of the Procurement Code, NMSA 1978, §§ 13–1–28 to –199 (1984, as amended through 1998), provides the exclusive remedy for an unsuccessful bidder who seeks to challenge the acts of a third party whose protest results in the rejection of the other's bid. For the reasons discussed here, we affirm the order dismissing the cross-claim.

### FACTS AND PROCEDURAL POSTURE

{2} On April 17, 1995, the State of New Mexico, Department of Military Affairs (the Department), solicited bid proposals for the construction of a new headquarters building and a new state maintenance office to be built in Santa Fe County, New Mexico.

{3} Davis, a licensed general contractor, submitted bid proposals for both buildings and was the low bidder for the headquarters building. Midcon also submitted bids on the construction of the two buildings. Midcon was not the low bidder on the headquarters building, however it was the low bidder for the combined two projects.

{4} On June 19, 1995, Midcon protested the bid of Davis, asserting that Davis failed to "properly designate subcontractors for a number of bid items, in violation of the Subcontractors Fair Practices Act [NMSA 1978, §§ 13–4–31 to –42 (1988)] and the Instruc-tions, Conditions and Notices to Bidders [contained in] the Contract Documents."

{5} A week later, on June 26, 1995, Davis wrote to the Department, stating that "[d]ue to an internal problem with manpower and time, we failed to list [certain] subcontractors on our listing form June 19." This letter then listed a number of contractors that it proposed to use. Thereafter, on June 28, 1995, Davis wrote again to the Department stating, in part, "[p]lease be advised Davis ... is in full compliance with the Subcontractors Fair Practice [sic] Act. The Act allows a contractor to do any of the work themselves if they so choose and are properly licensed."

{6} The Department rejected Davis' bid and notified the parties that it was electing to build only the headquarters building and was cancelling its proposal to construct the maintenance building. The Department then awarded the contract for the headquarters building to Midcon. Thereafter, Davis filed a petition in the district court seeking judicial review of the bidding process, pursuant to Section 13–1–183 of the Procurement Code. Midcon filed a motion to intervene in the district court proceeding and the motion was granted on August 15, 1995.

{7} On December 19, 1995, the district court heard an appeal from the ruling of the Department rejecting Davis' bid and which awarded the construction project to Midcon. At the conclusion of the hearing, the district court orally announced its ruling and held that the bid submitted by Davis was proper and that the action of the Department in rejecting Davis' bid was arbitrary, capricious, and contrary to law.

{8} Shortly thereafter, Davis filed a motion to amend its petition for judicial review in order to add a complaint against the Department for damages incurred for the rejection of its bid, and to file a cross-claim against Midcon for unjust enrichment and the imposition of a constructive trust.

{9} Following a hearing, the district court entered a partial judgment determining that the protest determination of the Department is "contrary to law" and that "the Davis bid is hereby declared to be ... a responsive

bid which should have received full, fair, and good faith consideration as a valid and responsive bid." The district court also granted Davis' motion to amend its petition to include causes of action against both the Department and Midcon but it dismissed Davis' cross-claim. Davis filed an appeal from the order on November 4, 1996. That appeal was dismissed by this Court in a memorandum opinion on August 12, 1997, because the appeal had been taken from a partial judgment which was not a final order.

{10} After remand, the district court entered a judgment awarding Davis damages against the Department for the amount of its bid preparation expenses in the amount of $16,554, together with its costs. The judgment against the Department is not part of this appeal, and we are informed that the matter has been settled by the parties. In a separate order entered on October 3, 1996, the district court again granted Midcon's motion to dismiss Davis' cross-claim. Davis filed a timely appeal.

*DISCUSSION*

■ {11} Davis asserts that the district court erred in dismissing its cross-claim against Midcon for unjust enrichment and the imposition of a constructive trust. It reasons that because Midcon's bid protest was determined by the district court to have been groundless, Midcon's acceptance of the contract and subsequent performance in constructing the headquarters building resulted in Davis being unjustly deprived of the right to perform the contract to which it was entitled. Davis also argues that Midcon was unjustly enriched by virtue of profits it made on the project; profits which Davis contends that it otherwise could have made. Davis contends that Midcon should not be entitled to retain the profits it received and that Midcon should be declared to be a constructive trustee of profits which Davis would have earned if its bid had been properly accepted by the Department and it had been allowed to act as the prime contractor on the construction project.

{12} In answer to these contentions, Midcon urges this Court to affirm the dis-

missal of the cross-claim because under this Court's decision in *State ex rel. Educational Assessments Systems, Inc. v. Cooperative Educational Services of New Mexico, Inc.,* 115 N.M. 196, 202, 848 P.2d 1123, 1129 (Ct. App.1993) (*EAS*), the Procurement Code does not provide a private right of action by a disappointed bidder against the successful bidder. *See also Planning & Design Solutions v. City of Santa Fe,* 118 N.M. 707, 715, 885 P.2d 628, 636 (1994) (where governmental entity improperly restricts party's bid, remedy of rejected bidder against governmental entity is limited to recovery of reasonable and provable bid preparation costs); *Hamilton Roofing Co. of Carlsbad, Inc. v. Carlsbad Mun. Schs. Bd. of Educ.,* 1997–NMCA–053, ¶ 2, 123 N.M. 434, 941 P.2d 515 (local public body may be required, under the Procurement Code, to compensate contractor for actual expenses, plus reasonable profit, where contractor did not act fraudulently or in bad faith, and court finds contract award was in violation of law).

■ {13} Midcon correctly notes that the Procurement Code, although providing a mechanism to protest and appeal the denial of a bid submitted by an unsuccessful bidder, does not create, either expressly or impliedly, a private right of action for damages against the State. *See EAS,* 115 N.M. at 200, 848 P.2d at 1127. As observed by the Court in *EAS,* the Legislature, in adopting the Procurement Code and its provisions mandating competitive bidding, intended to create an economic and efficient system for the benefit of the public, rather than for the benefit or enrichment of bidders. *See id.* at 201, 848 P.2d at 1128.

{14} Our decision in *EAS,* however, did not dispose of the broader question presented here, i.e., whether the Procurement Code prohibits a disappointed bidder from filing a petition for judicial review under Section 13–1–183 and joining such action with a common-law remedy against a third party alleged to have been responsible for preventing the acceptance of a bidder's bid proposal.[1] No New Mexico appellate court de-

---

1. Section 13–1–183 permits an aggrieved party to seek judicial review in the district court of a determination by a state purchasing agent or the purchasing agent of a local public body.

cision has addressed the issue of whether the Procurement Code precludes a disappointed bidder from pursuing a common-law or equitable action against another bidder whose acts have resulted in the unjust denial of a party's bid. The Procurement Act, however, does declare certain conduct or practices to be unlawful and subject both to criminal and civil penalties. *See* §§ 13–1–190 to –199.[2]

■ {15} Based upon our examination of the Procurement Code, we find no indication that the Legislature, by enactment of such Code, intended to preclude an unsuccessful bidder from pursuing a common-law or equitable remedy against a third party who allegedly through improper or unlawful means interfered with or caused a public body to reject an otherwise meritorious bid or to cancel a public works contract. As a general rule, legislative enactment of a special statutory remedy does not preclude a party, alleged to have suffered an injury, from pursuing statutory, equitable, or common-law remedies. *See Sims v. Sims,* 1996–NMSC–078, ¶ 29, 122 N.M. 618, 930 P.2d 153 (legislative creation of statutory remedy will not automatically supplant other equitable remedies, absent showing of a clear legislative intent); *Hartman v. Texaco Inc.,* 1997–NMCA–032, ¶ 15, 123 N.M. 220, 937 P.2d 979 (courts will not hold common-law remedies to have been superseded absent indication that this was the legislature's intent); *State v. Gabehart,* 114 N.M. 183, 185, 836 P.2d 102, 104 (Ct.App.1992) (holding implied repeals of common-law remedies are disfavored).

■ {16} Thus, we see nothing in the Procurement Code which precludes a disappointed bidder from filing a common-law claim against a third party who is alleged to have acted illegally or corrupted the procurement process. In such instance, if supported by the facts, recognized common-law remedies may be applicable. *Cf. Tectonics, Inc. v. Castle Constr. Co.,* 753 F.2d 957, 959 (11th Cir.1985) (federal law does not preclude unsuccessful bidder from pursuing state remedy); *GCM, Inc. v. Kentucky Cent. Life Ins. Co.,* 1997–NMSC–052, ¶ 20, 124 N.M. 186, 947 P.2d 143 (Uniform Partnership Act provides for action by one partner against another partner for breach of fiduciary duty, and "for either legal or equitable relief"); *Wolf v. Perry,* 65 N.M. 457, 461, 339 P.2d 679, 681 (1959) ("[O]ne who, without justification or privilege to do so, induces a third person not to perform a contract with another, is liable to the other for the harm caused thereby."); *M & M Rental Tools, Inc. v. Milchem, Inc.,* 94 N.M. 449, 452–53, 612 P.2d 241, 244–45 (Ct.App.1980) (recognizing cause of action in tort for improper interference with prospective contractual relations). Similarly, a district court may, in an appropriate case, invoke its equitable powers to enjoin further action of a public agency until appropriate judicial review may be had. *See Magellan Corp. v. United States,* 27 Fed.Cl. 446, 447 (1993) (court has authority to issue injunction where there is evidence of error in procurement process); *Dick Enters., Inc. v. Metropolitan/King County,* 83 Wash.App. 566, 922 P.2d 184, 185 (1996) (aggrieved bidder may sue to enjoin award of illegal contract, because the public benefits from preventing a contract for an excessive amount). However, as observed by the court in *United*

---

2. Section 13–1–190 prohibits, except as otherwise provided by law, an employee or member of an employee's family from seeking or obtaining a public contract.

Section 13–1–192 prohibits a person or business from retaining another to solicit or secure a contract where the compensation is contingent upon the award of a contract from a public contract.

Section 13–1–193 makes it unlawful for an employee of a state agency or local public body to participate directly or indirectly in the procurement process of the governmental body which employees such person.

Section 13–1–195 prohibits an employee or former employee of a state agency or local public body "knowingly to use confidential information for actual or anticipated personal gain."

Section 13–1–196 provides for the imposition of a civil penalty of not more than $1000 for each procurement violation.

Section 13–1–197 provides for an additional civil penalty for the violation of the Procurement Code.

Section 13–1–198 imposes a civil penalty for kickbacks by contractors.

Section 13–1–199 declares that any business or person who violates the Procurement Code is guilty of a misdemeanor.

*States v. John C. Grimberg Co.,* 702 F.2d 1362 (Fed.Cir.1983), the court's equitable powers "should be exercised in a way which best limits judicial interference in contract procurement." *Id.* at 1372.

{17} Mindful of the above authorities, we nevertheless conclude that Davis' allegations against Midcon fall short of the kind of activity that would support an actionable claim. Merely filing a protest pursuant to the provisions of the Procurement Code and Midcon's acts of questioning or challenging the sufficiency or efficacy of Davis' bid does not exceed the level of permissible conduct. In fact, Section 13–1–172 of the Procurement Code expressly authorizes "[a]ny bidder ... who is aggrieved in connection with a solicitation or award of a contract [to] protest to the state purchasing agent or a central purchasing office." Moreover, the fact that Midcon, after being awarded the contract, promptly proceeded to perform and carry out the terms of the public works project does not render such acts actionable at law or equity, especially in the absence of a showing of illegality or impropriety.

{18} As observed by our Supreme Court in *Planning & Design Solutions,* 118 N.M. at 714, 885 P.2d at 635, a request for the submission of bids is not an offer, and "[n]o contract occurs until acceptance [occurs] by the party that solicited bids." Here, Davis' bid was never accepted by the Department; thus Davis could not pursue a claim for lost profits against Midcon absent an allegation or a showing that Midcon did more than protest Davis' bid, obtain a ruling that it was the successful bidder, and commence performance of the project.

{19} Nothing in Davis' cross-claim indicates or alleges that Midcon acted unlawfully or fraudulently, or engaged in conduct which would warrant the granting of equitable relief against Midcon. Davis' cross-claim alleges that Midcon's action in protesting Davis' bid, Midcon's action in accepting the Department's award of the contract, and its commencement of construction of the public works project, all made "it virtually impossible for the Davis bid to receive [the] full and fair consideration to which it was entitled." Davis further alleges that because Midcon proceeded to promptly carry out the work involved in the project, it was denied its right to have the Department "fully consider [its] bid and award the contract to [it] as being the responsible low bidder." Davis did not seek an injunction or stay, and the district court properly determined that the allegations in the cross-claim were insufficient to state a claim against Midcon. Here, Davis' complaint fails to allege that Midcon, in initiating its protest, acted unlawfully or that its conduct was fraudulent or tortious, or that its conduct violated the Procurement Code so as to warrant the application of the district court's equitable powers.

{20} In reviewing an order dismissing a complaint for failure to state a claim upon which relief may be granted, we assume the veracity of all properly pleaded allegations in the complaint. *See Sanders v. Estate of Sanders,* 1996–NMCA–102, ¶ 6, 122 N.M. 468, 927 P.2d 23. The district court's decision will be upheld if it appears that the plaintiff could not recover from the movant under any set of facts alleged in the complaint. Applying this standard, we affirm the decision of the district court. Merely exercising a statutory right provided under the Procurement Code to question the propriety of another's bid, or proceeding expeditiously in performance of a public works contract awarded to it by a public body does not give rise to actionable conduct, in the absence of an allegation and a showing of illegality, or fraudulent or wrongful conduct, or otherwise tortious conduct on the part of Midcon. Hence, we conclude that the district court properly found that Davis' cross-claim failed to satisfy the requirements of Rule 1–012(B)(6) NMRA 1999.

*CONCLUSION*

{21} The district court's order dismissing Davis' cross-claim is affirmed.

{22} IT IS SO ORDERED.

BOSSON and BUSTAMANTE, JJ., concur.