This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RESOURCE LIGHTING, INC.,**
**a New Mexico Corporation,**

Plaintiff-Appellant,

v.                                                          **NO. 30,013**

**ROHDE, MAY, KELLER, MCNAMARA**
**ARCHITECTURE, P.C., a New Mexico**
**Corporation, AFFILIATED ENGINEERS,**
**INC., a Wisconsin Corporation,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Tal Young, P.C.
Steven Tal Young
Albuquerque, NM

for Appellant

Keleher & McLeod, P.A.
Robert J. Perovich
Thomas C. Bird
Albuquerque, NM

for Appellee Rohde, May, Keller, McNamara Architecture, P.C.

Montgomery & Andrews, P.A.
Kevin M. Sexton

Shannon A. Parden
Albuquerque, NM

for Appellee Affiliated Engineers, Inc.

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiff Resource Lighting, Inc. (Resource) was an unsuccessful bidder for a construction contract with the University of New Mexico (UNM). Following rejection of its bid, Resource did not protest the contract award under the statutory procedures governing public procurements established by the Procurement Code, NMSA 1978, §§ 13-1-172 to -183 (1984, as amended through 2002). Instead, Resource filed suit in district court against Defendants, who were the architecture and engineering firms that had allegedly advised UNM during the bid solicitation and procurement process. Resource claimed that Defendants had improperly interfered with its relationship with UNM and wrongfully caused the rejection of its bid. Defendants moved to dismiss, and the district court granted the dismissal on the basis that Resource had failed to exhaust its administrative remedies under the Procurement Code prior to seeking judicial relief.

We conclude that the district court erroneously determined that Resource's claims against Defendants fell within the purview of the Procurement Code. This Court has previously determined that the Procurement Code does not preclude

disappointed bidders from pursuing common-law or equitable remedies against third parties for wrongful conduct that resulted in bid rejection. *See Davis & Assocs., Inc. v. Midcon, Inc.*, 1999-NMCA-047, ¶¶ 14-16, 127 N.M. 134, 978 P.2d 341. Because Resource's claims are directed at Defendants, whom it alleges were third parties to the procurement at issue, we reverse the dismissal of Resource's complaint and remand for further proceedings.

**BACKGROUND**

In January 2007, UNM solicited bids for an electrical lighting project at a new hospital facility under construction. Resource submitted a bid for the project, which was ultimately rejected by UNM. Another bidder was selected for the project, and neither UNM nor the successful bidder are parties in this case.

Following rejection of its bid, Resource proceeded to file a lawsuit in district court against Defendants Rohde, May, Keller, McNamara Architecture, P.C. (RMKM) and Affiliated Engineers, Inc. (Affiliated), in which it alleged several causes of action arising out of the rejection of its bid. According to Resource's complaint, RMKM served as the architect and as a professional consultant designated by UNM on the project, while Affiliated was hired by RMKM to coordinate mechanical and electrical components of the project. Resource's complaint alleged that Defendants were directly involved in bid solicitation and procurement for the project on behalf of UNM

and that, during this process, Defendants had improperly interfered in Resource's relationship with UNM and engaged in unlawful conduct that resulted in the rejection of Resource's bid. On this basis, Resource raised the following specific causes of action against Defendants: (1) breach of an implied contract, (2) loss of opportunity, (3) civil conspiracy, (4) intentional interference with prospective contractual relationship, (5) prima facie tort, (6) breach of the covenant of good faith and fair dealing, and (7) punitive damages.

Subsequently, each Defendant moved to dismiss the case pursuant to Rule 1-012(B)(1) and (6) NMRA. The district court denied RMKM's motion to dismiss and that denial is not part of this appeal. Rather, this appeal concerns the motion to dismiss filed by Affiliated and later joined by RMKM, which alleged that Resource's claims were governed exclusively by the Procurement Code and that, as a result, dismissal of Resource's complaint was necessary because Resource had failed to exhaust its administrative remedies under the Procurement Code prior to seeking judicial relief. After a hearing, the district court granted this motion and dismissed Resource's complaint in its entirety. The district court subsequently denied Resource's motion for reconsideration, and this appeal followed.

**DISCUSSION**

The primary issue on appeal is whether the Procurement Code governed Resource's claims against Defendants and, if so, whether Resource was required to exhaust its administrative remedies prior to seeking judicial relief. Resource argues that Defendants were third parties to the bid solicitation and procurement process at issue in this case and that under this Court's holding in *Davis*, the Procurement Code does not apply to claims raised by unsuccessful bidders against third parties. Defendants argue that *Davis* is factually distinguishable and that the Procurement Code nonetheless applies to Resource's claims because Defendants were not third parties but, rather, agents of UNM during the bidding process.

**A.    Standard of Review**

A district court's decision to dismiss a case under Rule 1-012(B)(1) and (6) is reviewed de novo on appeal. *Valdez v. State*, 2002-NMSC-028, ¶ 4, 132 N.M. 667, 54 P.3d 71; *Sanchez v. Santa Ana Golf Club, Inc.*, 2005-NMCA-003, ¶ 4, 136 N.M. 682, 104 P.3d 548. Our review of a dismissal under Rule 1-012(B)(6) examines "the legal sufficiency of the complaint, not the factual allegations of the pleadings." *Healthsource, Inc. v. X-Ray Assocs. of N.M.*, 2005-NMCA-097, ¶ 16, 138 N.M. 70, 116 P.3d 861. Accordingly, "we accept all well-pleaded facts as true and question whether the plaintiff might prevail under any state of facts provable under the claim." *Id.*

5

**B.      Applicability of the Procurement Code to Resource's Claims**

The Procurement Code governs non-federal expenditures by state agencies and local public bodies "for the procurement of items of tangible personal property, services[,] and construction." NMSA 1978, Section 13-1-30(A) (2005). Parties that participate in public procurements, such as the one at issue in this case, are subject to the procedures established by the Procurement Code. In cases where a bidder is aggrieved in connection with a solicitation or award of a contract, the Procurement Code also provides certain administrative remedies. Sections 13-1-172 to -183. Specifically, "the [L]egislature [has] created an administrative process [under the Procurement Code] that allows [the] aggrieved bidder or offeror to protest to the state purchasing agent or a central purchasing office, to receive a reasoned decision from the hearing officer, and to obtain judicial review of the administrative decision." *State ex rel. Regents of ENMU v. Baca*, 2008-NMSC-047, ¶ 13, 144 N.M. 530, 189 P.3d 663 (per curiam) (citing Sections 13-1-172, -174, and -183 (internal quotation marks omitted)); *see id.* ¶ 6 (describing the statutory procedures under the Procurement Code for protesting and appealing the solicitation or award of a public works project). Our Supreme Court has indicated that the administrative process specified in the Procurement Code is subject to the requirement that aggrieved bidders exhaust their

administrative remedies prior to seeking judicial relief unless "it would be futile to do so or . . . a question of law is at issue." *Id.* ¶¶ 16, 18.

In the present case, it is undisputed that Resource did not lodge a bid protest with UNM prior to filing the civil complaint against Defendants in district court. Although the parties agree that UNM's procurement for the electrical lighting project itself was governed by the Procurement Code, they dispute whether Resource was required to lodge a bid protest and avail itself of the administrative process provided by the Procurement Code prior to seeking judicial relief. At the motions hearing below, Defendants successfully argued to the district court that the Procurement Code governed Resource's claims and that the district court lacked jurisdiction to decide the parties' dispute because Resource had failed to lodge a timely bid protest in order to exhaust its administrative penalties. *See* § 13-1-172 (requiring "[a]ny bidder or offeror who is aggrieved in connection with a solicitation or award of a contract" to lodge a protest within "fifteen calendar days after knowledge of the facts or occurrences giving rise to the protest").

Resource's arguments below, and again on appeal, regarding the applicability of the Procurement Code rely on this Court's previous decision in *Davis*. In that case, Davis and Associates, Inc. (Davis), an unsuccessful bidder on a construction project for a state entity, filed a petition in district court seeking judicial review of a bidding

process pursuant to Section 13-1-183 of the Procurement Code. *Davis*, 1999-NMCA-047, ¶ 6. Davis's bid had been rejected by the state entity after a protest was lodged by Midcon, another bidder for the project, in which Midcon had asserted that Davis's bid submission failed to include required information regarding subcontractors. *Id.* ¶¶ 4-6. Although Davis later submitted two letters to the state entity indicating its compliance with applicable requirements, the state entity ultimately rejected Davis's bid and subsequently awarded the project to Midcon. *Id.* ¶¶ 5-6.

Davis then filed its petition for judicial review, and the district court determined that the state entity's actions in rejecting Davis's bid were improper and "arbitrary, capricious, and contrary to law." *Id.* ¶¶ 6-7. Davis moved to amend its petition to include a complaint against the state entity for damages and also to include "a cross-claim against Midcon for unjust enrichment and the imposition of a constructive trust." *Id.* ¶ 8. Although the district court allowed Davis "to amend its petition to include causes of action against both the [state entity] and Midcon," it dismissed the cross-claim against Midcon. *Id.* ¶ 9. Davis appealed the district court's dismissal of the cross-claim. *Id.* ¶ 10.

The principal issue before this Court in *Davis* was whether the Procurement Code provides the exclusive remedy for an unsuccessful bidder seeking to challenge the acts of a third party that resulted in the rejection of the other's bid. *Id.* ¶ 1. In

deciding this issue, we acknowledged that "[n]o [prior] New Mexico appellate court decision ha[d] addressed the issue of whether the Procurement Code precludes a disappointed bidder from pursuing a common-law or equitable action against another bidder whose acts have resulted in the unjust denial of a party's bid." *Id.* ¶ 14. We answered this issue in the negative, holding that there is "nothing in the Procurement Code which precludes a disappointed bidder from filing a common-law claim against a third party who is alleged to have acted illegally or corrupted the procurement process." *Id.* ¶ 16. We reached a similar conclusion with respect to equitable remedies, as long as the court's equitable powers are "exercised in a way which best limits judicial interference in contract procurement." *Id.* (internal quotation marks and citation omitted). Our rationale in *Davis* was based on the fact that the Procurement Code included no statutory provision in which the Legislature evinced any sort of intent to limit the ability of a disappointed bidder to pursue common-law or equitable remedies against a third party. *See id.* ¶ 15 ("Based upon our examination of the Procurement Code, we find no indication that the Legislature, by enactment of such Code, intended to preclude an unsuccessful bidder from pursing a common-law or equitable remedy against a third party who allegedly through improper or unlawful means interfered with or caused a public body to reject an otherwise meritorious bid or to cancel a public works contract."). We also relied on the general rule that absent

an indication that the Legislature intended otherwise, "legislative enactment of a special statutory remedy does not preclude a party, alleged to have suffered an injury, from pursuing statutory, equitable, or common-law remedies." *Id.* And, finally, we relied on cases from New Mexico and other jurisdictions that had recognized the ability of an aggrieved party to seek common-law remedies against a third party. *Id.* ¶ 16.

RMKM contends that the *Davis* holding applies only to cases with the same procedural posture as that case—i.e., where a disappointed bidder has joined a common-law cause of action against a third party with a petition for judicial review once administrative remedies have been exhausted under the Procurement Code. To support this contention, RMKM relies on our statement in *Davis* that the "broader question" before us there was "whether the Procurement Code prohibits a disappointed bidder from filing a petition for judicial review under Section 13-1-183 and joining such action with a common-law remedy against a third party alleged to have been responsible for preventing the acceptance of a bidder's bid proposal." *Davis*, 1999-NMCA-047, ¶ 14. We disagree. Aside from this single statement, there is no indication that the holding in *Davis* was limited to the procedural posture of that case. Our reasoning did not rely on the fact that the third party in *Davis* was being sued in a cross-claim or that the cross-claim was attached to a petition for judicial

review.  Moreover, the reasons underlying our holding in *Davis* did not rely on any procedural aspect of that case.  *Id.* ¶¶ 14-16.

Defendants also contend that *Davis* is distinguishable because the disappointed bidder there filed a bid protest and exhausted its administrative remedies prior to seeking judicial relief.  We disagree because there is no indication that the disappointed bidder in *Davis* filed a bid protest or pursued any administrative remedies prior to seeking judicial relief.

Finally, Defendants contend that any reliance on *Davis* is misplaced because that case does not stand for the principle that a disappointed bidder may circumvent statutory remedies available under the Procurement Code, which include the filing of a bid protest, and instead seek judicial recourse.  Because we concluded in *Davis* that the Procurement Code does not apply to claims brought by disappointed bidders against third parties, the statutory remedies cited by Defendants are not applicable here and, therefore, we do not agree that an "end-around the statutory system" has occurred in this case.

As in *Davis*, this case involves common-law causes of action brought by Resource, a disappointed bidder, against Defendants, whom Resource has alleged are third parties whose actions supposedly resulted in the rejection of Resource's bid. Taking Resource's well-pleaded facts to be true, we conclude that the Procurement

11

Code does not preclude Resource's common-law and equitable claims against Defendants.

## C.      Whether Defendants Were Agents of UNM

We also address Defendants' argument that, notwithstanding the applicability of *Davis* to this case, Resource's claims against Defendants are barred because they were acting as agents of UNM and were therefore not third parties. Defendants specifically assert that they were engaged in procurement functions on behalf of UNM and that Resource was required to file a bid protest for any alleged misconduct by UNM's agents. Because Resource failed to do so, Defendants argue that they are protected by the doctrine of exhaustion of administrative remedies. To prove their role as agents, Defendants rely exclusively on factual allegations made by Resource in its complaint.

Given the procedural posture of this case, we are not able to reach this issue. Although Defendants raised agency as an additional theory barring Resource's claims, the district court did not make a specific ruling on this issue. We are presented with a motion to dismiss, and our review tests only the legal sufficiency of Resource's complaint, not the underlying facts. Whether an agency relationship exists is generally a question of fact, *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 26, 131 N.M. 772, 42 P.3d 1221, that can be decided as a matter of law only where the material facts are undisputed and susceptible of but one logical inference. *Robertson v. Carmel Builders Real Estate,* 2004-NMCA-056, ¶ 18, 135

13

N.M. 641, 92 P.3d 653. Here, although there is general agreement between the parties that RMKM was the project architect and Affiliated was an engineering firm involved with the procurement, the material facts supporting an agency relationship are either disputed or unknown because Defendants did not present any evidence supporting an agency relationship below. Consequently, we cannot decide whether an agency relationship existed between Defendants and UNM. We clarify that our holding does not preclude Defendants from raising the question on remand whether any agency proven to exist barred Resource's claims under an exhaustion of remedies theory.

**CONCLUSION**

For the foregoing reasons, we reverse the dismissal of Resource's complaint and remand for further proceedings.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

14

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**