This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RMCI, GENERAL CONTRACTORS, INC.,**
**a New Mexico corporation,**

    Plaintiff-Appellant,

v.                                                                                          **NO. 31,058**

**ALBUQUERQUE BERNALILLO COUNTY**
**WATER UTILITY AUTHORITY and**
**ARCHER WESTERN CONTRACTORS, LTD.,**
**an Illinois corporation,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay P. Campbell, District Judge**

Stephen A. Hess
Colorado Springs, CO

for Appellant

Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A.
Nann M. Winter
Luis G. Stelzner
Jaimie L. Dawes
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

{1}     RMCI, General Contractors (RMCI) unsuccessfully bid on a contract for a public works project (the Project) awarded by the Albuquerque Bernallilo County Water Utility Authority (the Water Authority). Archer Western Contractors, Ltd. (Archer) was the successful bidder on the Project, despite RMCI's objection that contested Archer's qualifications as a bidder. RMCI filed a declaratory judgment action in the district court, arguing that the Water Authority's bidding process violated state and local law. The district court denied injunctive relief and concluded that it lacked subject matter jurisdiction to determine the issues raised by RMCI's claim. It dismissed the cause of action, finding that RMCI failed to exhaust its administrative remedies and had no standing to challenge the award of the contract to Archer. The threshold issue we must address is whether the district court's denial of RMCI's requests for injunctive and declaratory relief are now moot, given that the contract was awarded to Archer and construction began in 2010. We requested and received supplemental briefing from the parties regarding the proposed disposition of this case on mootness grounds. Have reviewed and considered the supplemental briefs, we conclude that the issues raised are moot and affirm the district court.

**BACKGROUND**

{2}     In 2010, the Water Authority solicited bids for the Project, designated as the final phase of a multi-phase public works project to preserve and protect a drought

reserve. RMCI and Archer submitted the two lowest bids for the Project. The bid submitted by Archer was lower than the bid submitted by RMCI. At issue in the district court was the evaluation process used to determine qualified bidders prior to the Water Authority's award of the Project contract.

{3}     As the two lowest bidders, the Water Authority's consulting engineer requested RMCI and Archer each submit a Bidder Qualification Form (BQF) with supporting information. Archer and RMCI timely submitted their BQF and supporting information, but RMCI failed to provide the Water Authority with requested information concerning its performance of similar projects and its superintendent's qualifications. Without this information, the Water Authority indicated that it could not properly evaluate RMCI's qualifications or ability to perform on the contract as promised. Accordingly, the Water Authority classified RMCI's bid as non-responsive.

{4}     During the bid evaluation process, RMCI also informally disputed Archer's qualifications as a responsive bidder to perform the Project. In a letter sent to the Water Authority, RMCI asserted that Archer's bid proposal was non-responsive because Archer dated its bid bond for a week later than its bid proposal. The Water Authority responded by obtaining written confirmation that Archer's bid bond for the Project was active, valid and in force, and that Archer's surety would provide the necessary performance and payment bonds for the Project. In light of these assurances, the Water Authority determined that the date discrepancy in Archer's bid

was a de minimis technical irregularity and it waived the irregularity. The Water Authority concluded that Archer's bid was responsive and Archer was qualified to perform the Project.

{5} The Water Authority determined that Archer should be awarded the contract for the Project because it was the lowest responsible bidder. The Water Authority notified Archer that its bid was successful and it also notified RMCI that it intended to award the contract to Archer. Aware that the Water Authority intended to reject its bid, RMCI informed the Water Authority that it planned to appeal the Water Authority's denial of its bid protest in the district court. Shortly thereafter, RMCI filed with the district court an appeal and complaint for declaratory and injunctive relief. RMCI subsequently received written notice of the Water Authority's award of the contract to Archer. RMCI did not take further administrative action and did not file an administrative protest of the bidding process nor the ultimate award of the contract to Archer. RMCI also failed to challenge the final award of the contract in the district court proceedings.

{6} The district court denied RMCI's request for injunctive relief and ultimately dismissed RMCI's complaint. It found that RMCI lacked standing to challenge the award of the contract because it failed to exhaust its administrative remedies or otherwise timely protest the Water Authority's intention to reject RMCI's bid as non-responsive. The district court further concluded that it did not have subject matter

4

jurisdiction to determine any other issues raised in the appeal. RMCI timely filed a notice of appeal. This Court allowed the appeal as the functional equivalent of a writ of certiorari.

**STANDARD OF REVIEW**

{7}     "In reviewing an appeal from an order granting or denying a motion to dismiss for lack of jurisdiction, the determination of whether jurisdiction exists is a question of law which an appellate court reviews de novo." *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 6, 132 N.M. 207, 46 P.3d 668. An action for injunction sounds in equity. *Amkco, Ltd. v. Welborn*, 2001-NMSC-012, ¶ 8, 130 N.M. 155, 21 P.3d 24. We review a district court's decision to deny equitable relief for abuse of discretion. *Id.* "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). Our review of a declaratory judgment action challenging an administrative entity's authority to act should be limited to purely legal issues that do not require factfinding by the administrative entity. *See Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 16, 142 N.M. 786, 171 P.3d 300.

**MOOTNESS**

{8} In its complaint, RMCI requested relief in the form of an injunction to suspend performance on the contract and a declaratory judgment to contest how the bidding process was conducted. Significantly, there is nothing left in the bidding process to enjoin. RMCI has not contested the Water Authority's action to award the contract, and it was awarded to Archer. The district court denied RMCI's request to enjoin construction of the Project. Archer's performance of the contract began on August 17, 2010. The record reveals no stay or supersedeas bond was required, either before or after the filing of the notice of appeal. Evidence of the progress of the Project does not appear in our record on appeal, but we assume it has been substantial, if not fully complete, over the past four years. This assumption was confirmed by the supplemental briefing from the parties.

{9} Prior to reaching the errors assigned by RMCI, we must consider whether RMCI's failure to administratively protest or otherwise contest the actual award of the contract to Archer and the subsequent performance of the Project has rendered this proceeding moot. A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (holding that case is moot when no actual controversy exists and the court cannot grant the party any actual relief). A moot case is one that seeks to determine

6

a question that does not rest upon existing facts or rights, and where the issues presented no longer exist. *Rio Arriba Cnty. Bd. of Educ. v. Martinez*, 1964-NMSC-227, ¶¶ 9, 12, 74 N.M. 674, 397 P.2d 471 (denying appellate relief "where the questions involved, either by time or circumstances, have become moot" (internal quotation marks and citation omitted)). As a general rule, a moot case is subject to summary dismissal. *Gunaji*, 2001-NMSC-028, ¶ 9.

## A.    INJUNCTIVE RELIEF

**{10}**    We first address RMCI's lawsuit to enjoin Archer and the Water Authority from proceeding with construction on the Project. The purpose of an injunction is "to protect the appellee against loss while maintaining the status quo." *Hart v. Emp'rs Liab. Assurance Corp.*, 1933-NMSC-101, ¶ 10, 38 N.M. 83, 28 P.2d 517. It is well established that injunctive relief is preventative, prohibitory, or protective. *See* 43A C.J.S. *Injunctions* § 55 (2013) ("The purpose of an injunction is to restrain actions that have not yet been taken . . . ."). Typically, equity will not apply to issue injunctive relief when the act complained of has already been committed and the injury has been done. *Id.* Where there has already been an award of a contract and the disappointed bidder has not appealed the final award of that contract, the issuance of an injunction is not appropriate. *See Sena v. Dist. Court*, 1925-NMSC-030, ¶ 15, 30 N.M. 505, 240 P. 202 ("The purpose of injunction is to prevent [irreparable] injury. After it has occurred, relief comes too late.").

{11} In the instant case, RMCI challenged Archer's preliminary qualifications as a bidder, but never took appropriate action to protest the final award of the contract. To the extent RMCI sought to stop performance on the contract, RMCI was unsuccessful and construction proceeded. The actions that RMCI is seeking to reverse—the execution of the contract with Archer and the expenditure of public funds for the Project—have already occurred and cannot be undone. *See N.J. Zinc Co. v. Local 890 of Int'l Union Mine, Mill & Smelter Workers*, 1953-NMSC-087, ¶ 14, 57 N.M. 617, 261 P.2d 648 ("The remedy of an injunction is preventive and looks only to the future." (internal quotation marks and citation omitted)). Any opinion from this Court on the district court's denial of injunctive relief would, therefore, be without meaningful effect. *See El Dorado Utils., Inc. v. Eldorado Area Water & Sanitation Dist.*, 2005-NMCA-036, ¶ 22, 137 N.M. 217, 109 P.3d 305 ("Plaintiffs originally requested injunctive relief on the issuance of the bonds. That request is now moot because the bonds have been issued and sold."). We cannot unring a bell that has already been rung. *See Porter v. Robert Porter & Sons, Inc.*, 1961-NMSC-010, ¶ 18, 68 N.M. 97, 359 P.2d 134 ("[The appellate] court will not make useless orders nor grant relief that will avail appellant nothing, and neither will it decide questions that are abstract, hypothetical or moot, where no actual relief will be afforded."). Simply put, this Court is unable to provide RMCI with relief after the contract was awarded and construction was undertaken on the Project.

{12} An unsuccessful bidder's recourse is to exhaust its administrative remedies and then seek injunctive relief preventing the *award* of the contract to one not legally entitled thereto. *See* NMSA 1978, §§ 13-1-172 to -174, and -183 (1984, as amended through 1999); Albuquerque, N.M., Rev. Ordinances ch. 5, art. V, § 5-5-23(A) (1991, amended 1998). Even when a disappointed bidder acts to administratively protest the award and execution of a public contract, the remedy available to the unsuccessful bidder may be limited. *See Planning & Design Solutions v. City of Santa Fe*, 1994-NMSC-112, ¶ 32, 118 N.M. 707, 885 P.2d 628 (joining other jurisdictions that award the expenses incurred in preparing and submitting a bid to disappointed bidders of a flawed public procurement process). But the underlying proceedings are moot where the activities sought to be enjoined have already substantially occurred and the appellate court cannot undo what has already been done. *See Leonard v. Payday Prof'l/Bio-Cal Comp.*, 2008-NMCA-034, ¶ 9, 143 N.M. 637, 179 P.3d 1245 (holding that the appeal was moot where this Court could not provide the appellant with any actual relief). This is especially true in the present case where no stay pending appeal was sought or granted. *See State ex rel. Town of Portales v. Bd. of Comm'rs of Roosevelt Cnty.*, 1917-NMSC-008, ¶ 11, 22 N.M. 413, 163 P. 1082 (holding that an appeal should be dismissed "where a party has obeyed the commands contained in a writ of mandamus and subsequently appeals, without staying the judgment" because an appellate "decision cannot grant the parties any effectual relief or have any

practical effect in the proceedings"). In its supplemental brief, RMCI agrees that it cannot challenge the legality of the award of the contract to Archer without having exhausted its administrative remedies before the Water Authority. As a result, RMCI's request for injunctive relief is moot.

**B.    DECLARATORY RELIEF**

{13}    We now address RMCI's request for declaratory judgment that the bidding process was unlawful. The record supports a position that RMCI was attempting to attack the Water Authority's preliminary determination of bidder responsibility by filing a petition for declaratory judgment. However, the district court does not have jurisdiction over a declaratory judgment action unless the parties have first exhausted any administrative remedies. *See Grand Lodge of Ancient & Accepted Masons v. Taxation & Revenue Dep't*, 1987-NMCA-081, ¶ 8, 106 N.M. 179, 740 P.2d 1163. Thus, we must determine whether RMCI's declaratory judgment action overcomes jurisdictional limitations under the circumstances presented in this case.

{14}    In its supplemental brief, RMCI cites *Davis & Associates, Inc., v. Midcon, Inc.*, 1999-NMCA-047, 127 N.M. 134, 978 P.2d 341, for the position that its declaratory judgment action is not moot because an unsuccessful bidder may, in the proper case, seek damages directly from the successful bidder for misconduct leading to the rejection of an unsuccessful bidder's bid, despite having more limited remedies against the governmental entity. However, RMCI does not dispute that such a claim

10

against Archer was never raised in the district court proceedings and was not argued before the district court as part of the declaratory judgment action. As a result, we will not address the potential viability of this new cause of action against Archer that was raised for the first time on appeal. *Romero v. Sanchez*, 1974-NMSC-013, ¶ 4, 86 N.M. 55, 519 P.2d 291 (recognizing that a new claim raised for the first time on appeal would not be considered, "even if there would be merit to it").

{15}    RMCI originally contended that it was not required to exhaust the Water Authority's administrative procedures because Section 12.2 of the Capital Improvement Program (CIP) of the office of management and budget of the City of Albuquerque does not provide an administrative forum to protest a determination that a bidder such as RMCI is not responsible. *See Grand Lodge*, 1987-NMCA-081, ¶ 14. However, both the New Mexico procurement code and the City of Albuquerque's public purchases ordinance provide an administrative process by which an aggrieved bidder may protest the procuring agency's adverse decision, receive a reasoned decision from the hearing officer, and then obtain judicial review of the administrative decision. *See* §§ 13-1-172 to -174, and -183; Rev. Ordinances § 5-5-23(A). Under this statutory scheme, an aggrieved CIP bidder retains the absolute right to administratively protest and appeal the agency's adverse decision awarding a contract once the bid solicitation process is completed. *Id.* RMCI has failed to show why its right to administratively protest the adverse decision to award the Project contract to

Archer could not include the agency's preliminary determinations regarding bidder responsibility. Such a timely protest would establish the necessary administrative record for subsequent appeal.

{16}     To permit judicial review of an agency's preliminary determinations regarding bidder responsibility through the use of a preemptive declaratory judgment action is improper. *Smith*, 2007-NMSC-055, ¶ 15. It unnecessarily delays the award of a bid and allows the administrative review process to be circumvented before the development of the factual record that is utilized for subsequent judicial review. *Id.*; *see Grand Lodge*, ¶ 21 (declining to permit judicial review of property tax decision by declaratory judgment because the administrative decision was factually based and review "by declaratory judgment would eliminate the administrative record or substitute and avoid the standard of review the [L]egislature has provided"). Once an agency's final bid decision has been completed, the City has provided a comprehensive administrative structure to fully protest that decision. *See* Rev. Ordinances § 5-5-23(A). Rather than foreclosing administrative review of an agency's bidding process, Section 12.2 of the CIP also allows unsuccessful bidders to seek further judicial review of any improper bidding procedure when they appeal the final award of the public contract.

{17}     When RMCI wholly failed to pursue a protest of the award of the Project contract to Archer and thereby obtain a administrative decision addressing the bidding

12

process and subsequent award of the contract by the Water Authority, it failed to exhaust its available administrative remedy. Because of this failure, the contract became final and performance of the Project was undertaken. Thus, a declaratory judgment addressing preliminary bidder qualification issues would presently suffer from the same infirmities as an injunction. Even giving RMCI the complete benefit of the doubt by assuming that this Court is able to determine that it was a responsible bidder, there is no meaningful remedy to be awarded in the present lawsuit. Declaratory relief would not undo the contract that has already been awarded to Archer and the work that has been performed. Because an alternative *Davis* type claim was not filed or pending against Archer in this case, our decision would be nothing more than advisory. *Grand Lodge*, 1987-NMCA-081, ¶ 12. As a result, RMCI's request for declaratory relief is now moot.

**EXCEPTIONS TO MOOTNESS**

{18}     We now address whether we should consider the statutory construction issues raised in this case under an exception to the mootness doctrine. This Court may review moot cases that present issues of substantial public interest or those capable of repetition yet evading review. *Gunaji*, 2001-NMSC-028, ¶ 10. The issue presented here does involve an important public question, but there is little need for authoritative adjudication of the issues at this time.

{19} The issue presented in this case rests on the specific terms of this particular bid and requires an individualized examination of the bidding requirements, the authority retained by the City to waive informalities in the bidding process, and the specifics of the bids submitted by the parties. The likelihood of another case presenting the same or similar factual circumstances is remote and, even if such a case arises, it would not evade judicial review so long as the proper administrative protest procedures are adhered to. The posture of this case resulted from the relief sought by RMCI, and its strategic choice not to pursue an administrative protest of the award of the Project contract to Archer. Any alternative type of claim or remedy based on *Davis* would also be subject to judicial review if and when it is properly raised by an unsuccessful bidder.

{20} RMCI's attempt to obtain an injunction was unsuccessful, however, this does not translate into an inherent evasion of judicial review. Although there is a limited amount of time between the award of a construction contract and the start of construction, appropriate procedures are available to halt the start of construction in order to receive a full review of the bidding procedures. *See Davis & Assocs., Inc. v. Midcon, Inc.*, 1999-NMCA-047, ¶ 16, 127 N.M. 134, 978 P.2d 341 ("[A] district court may, in an appropriate case, invoke its equitable powers to enjoin further action of a public agency until appropriate judicial review may be had."). A plaintiff who protests the award of the contract in the proper administrative forum may also apply for a

14

preliminary and permanent injunction to suspend action on the contract, thus preventing the start of construction. *See Orion Technical Res., LLC v. Los Alamos Nat'l. Sec., LLC*, 2012-NMCA-097, ¶ 30, 287 P.3d 967 (explaining that, under certain facts, it would issue a preliminary injunction to re-evaluate bids in accordance with statute and regulation or a permanent injunction to restrain a municipality and a bidder from entering into a public works contract where the bidding statute had been violated). A plaintiff may also seek a stay to halt construction while an appeal is fully considered in the district court. *See* Rule 1-074(Q) NMRA. Denial of these emergency remedies can also be raised through an emergency writ filed with the appellate courts. *See* Rule 12-504 NMRA. While the instant case is certainly capable of repetition, we are unconvinced that it will continue to evade review. Under these circumstances, we decline to apply any exception to the mootness doctrine.

**CONCLUSION**

{21}    RMCI's potential new *Davis* claim against Archer will not be considered when it is raised for the first time on appeal. In view of our conclusion that this case failed to properly present justiciable issues and is now moot, the decision of the district court is affirmed on the grounds stated.

{22}    **IT IS SO ORDERED.**

_____

15

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**