537 P.2d 1015

Mildred **BEVERLY** and Julius Beverly, Plaintiffs-Appellants,

v.

**CONQUISTADORES, INC.,** a corporation, d/b/a McDonald's Hamburgers, Defendant and Third-Party Plaintiff-Appellee,

v.

**COLORADO PACIFIC CONTRACTORS,** Third-Party Defendant and Fourth-Party Plaintiff-Appellee,

v.

**JAYNES CORPORATION,** Fourth-Party Defendant-Appellee.

No. 1771.

Court of Appeals of New Mexico.

June 4, 1975.

Certiorari Denied July 2, 1975.

**120**

Carl M. Sparks, Carvajal & Sparks, Albuquerque, for plaintiffs-appellants.

William P. Gralow, Civerolo, Hansen Wolf, Albuquerque, for appellee Conquistadores, Inc.

Irving E. Moore, Albuquerque, for appellee Colorado Pacific Contractors.

James A. Parker, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for appellee Jaynes Corp.

## OPINION

WOOD, Chief Judge.

The issue is the propriety of the trial court's order dismissing plaintiffs' complaint with prejudice. The trial court's order reads:

> "That Plaintiffs' attorney, at the Pretrial Conference * * * indicated he had knowledge of a witness whom he might call to testify at trial; that upon the demand of the moving parties for the identity of said potential witness, Plaintiffs' attorney refused to disclose that witness' identity; that the Court ordered Plaintiffs' attorney to disclose the identity of said witness and Plaintiffs' attorney refused; and that the interest of justice requires that the lawsuit against the Defendants be dismissed for failure to reveal the identity of a potential witness."

There are three issues: (1) whether the order to disclose the witness was proper; (2) whether the court had the power to dismiss sua sponte; and (3) whether the dismissal was an abuse of discretion.

### Order to Disclose Witness

The pretrial conference was held pursuant to § 21–1–1(16), N.M.S.A.1953 (Repl. Vol. 4). This rule provides that the conference may consider limiting the number of expert witnesses. At a hearing subsequent to the pretrial conference, it was revealed that the undisclosed potential witness was a physician who would have been an expert witness. We expressly do not decide this issue on the basis that the disclosure of expert witnesses may be compelled.

The rule authorizes the conference to consider "[s]uch other matters as may aid in the disposition of the action." The purpose of the rule was to get away from a "sporting" theory of justice. Tobeck v. United Nuclear-Homestake Partners, 85 N.M. 431, 512 P.2d 1267 (Ct.App. 1973). The disclosure of witnesses is a matter which may aid in the disposition of the action. See Benson v. Export Equipment Corporation, 49 N.M. 356, 164 P.2d 380 (1945). The trial court has authority to compel disclosure of witnesses at a pretrial conference. See Wirtz v. Hooper-

Holmes Bureau, Inc., 327 F.2d 939 (5th Cir. 1964).

### Sua Sponte Dismissal

Plaintiffs argue that the trial court could not have properly dismissed the complaint under §§ 21–1–1(37)(b) and 41(b), N.M.S.A.1953 (Repl.Vol. 4). We do not consider whether dismissal under these rules would have been proper because nothing in the record indicates the trial court proceeded under these rules.

■ The trial court dismissed sua sponte. Plaintiffs recognize that a sua sponte power of dismissal exists in the district court, but contends this power is limited and did not authorize a dismissal in this case. This issue is concerned with the existence of the power, not whether the power was properly exercised.

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), reh. denied 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed. 2d 112 (1962). New Mexico law is the same. Smith v. Walcott, 85 N.M. 351, 512 P.2d 679 (1973). Birdo v. Rodriguez, 84 N.M. 207, 501 P.2d 195 (1972) holds that a trial court has power to dismiss, sua sponte, a complaint that is patently deficient.

The foregoing cases hold the trial court has the power to dismiss a complaint sua sponte. This power of dismissal extends to dismissals for failure to comply with orders of the court. Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir. 1968), cert. denied 392 U.S. 928, 88 S. Ct. 2287, 20 L.Ed.2d 1387 (1968); Meeker v. Rizley, 324 F.2d 269 (10th Cir. 1963).

### Dismissal an Abuse of Discretion

■ Sua sponte dismissal for failure to comply with a court order is a discretionary power. Such a dismissal is reviewed only to determine whether there was an abuse of discretion. Flaksa v. Little River Marine Construction Co., supra.

Plaintiffs assert there was an abuse of discretion because dismissal was a drastic sanction not justified by the circumstances. We agree that dismissal is a drastic sanction. Various decisions hold that "except in extreme circumstances, the court should first resort to the wide range of lesser sanctions which it may impose * * *." Flaksa v. Little River Marine Construction Co., supra; Mann v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 488 F.2d 75 (5th Cir. 1973); see generally Annot., 15 A.L.R. Fed. 407, § 7(b) at 422 (1973). Birdo v. Rodriguez, supra, cautions that sua sponte dismissal should be sparingly exercised.

■ Accordingly, we decide the abuse of discretion issue on the basis that sua sponte dismissal is to be done sparingly and only in extreme circumstances. What were the circumstances of this dismissal?

An extensive pretrial conference was held; the transcript of the conference covers 65 pages. The conference was held August 29th. Plaintiffs' counsel was directed to prepare the pretrial order; the trial court set September 9th as the date it would sign the order and resolve any differences between counsel as to the contents of the order. The trial court ruled that discovery was to be completed by September 13th. Names of witnesses were disclosed. The trial court ruled that the witnesses which had been identified were to be listed in the pretrial order. It also ruled that if counsel decided not to call a witness or could not locate a witness, notice to that effect was to be given at least ten days prior to trial.

At the conclusion of the conference, plaintiffs' counsel stated that he might have an additional witness which he would disclose ten days prior to trial. The trial court stated that he wanted the pretrial order to contain the names of the witnesses

and reminded counsel that a named witness need not be called if notice was given up until ten days prior to trial. At this point counsel for another party asked for the name of the witness; plaintiffs' counsel declined to disclose the name.

Plaintiffs' counsel then stated he would disclose the name of the witness in the pretrial order which he had been directed to prepare. An opposing counsel pointed out that this would allow only four days for discovery.

The trial court directed plaintiffs' counsel to disclose the name of the possible witness. Counsel refused. The court stated: "You are going to have to disclose the witness or you are going to lose your lawsuit today." After further colloquy between court and counsel, and with the name of the witness still not disclosed, the trial court dismissed plaintiffs' lawsuit. The order of dismissal is quoted at the beginning of this opinion. At a subsequent hearing, the court pointed out that he had warned counsel as to the consequences "if he insisted upon his refusal to obey the order of the Court, and he deliberately did so in an arrogant and the most unprofessional way the Court has ever seen."

Plaintiffs cite cases to the effect that extreme circumstances warranting dismissal do not exist unless the conduct in question is of long standing. They point out that the dismissal in Doanbuy Lease and Co. v. Melcher, 83 N.M. 82, 488 P.2d 339 (1971) was because of persistent failure to permit the taking of a deposition. The fact that persistent misconduct provides the basis for dismissal does not mean that one instance of misconduct may not be sufficiently extreme to warrant dismissal.

■ Here counsel did not wish to reveal the name of the witness until it would have been almost impossible for opposing counsel to depose the witness within the time remaining for discovery. When directed to disclose the name he refused. He was warned of the consequences of his refusal, but still refused to disclose the name of the witness. The trial court considered this to be extreme conduct justifying dismissal. We cannot say the trial court abused its discretion in so ruling unless we can characterize the ruling as clearly untenable or not justified by reason. See State v. Hargrove, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970).

In the circumstances of this case we cannot say the trial court's dismissal was untenable or unreasonable.

The order of dismissal is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.