823 P.2d 313

Joan A. LOWERY, Plaintiff–Appellant,

v.

Boudinot P. ATTERBURY, June A. Jenney, a/k/a Judy Jenney, Lucinda K. Jenney, Ralph A. Jenney, Charles P. Jenney, Hope H. Atterbury, Boudinot T. Atterbury, Talcott R. Atterbury, and the Palovista Company, a New Mexico corporation, Defendants–Appellees.

No. 19694.

Supreme Court of New Mexico.

Jan. 6, 1992.

---

**72**

Keleher & McLeod and Elizabeth E. Whitefield, Albuquerque, for plaintiff-appellant.

Duff H. Westbrook, Albuquerque, for defendants-appellees.

## OPINION

BACA, Justice.

Plaintiff-appellant Lowery appeals the district court's dismissal of her action un-

der SCRA 1986, 1–041(B) for want of prosecution. Lowery bases her appeal on two points. First, she contends that the trial court abused its discretion by dismissing her action sua sponte. Second, she contends that she was denied her due process rights because the trial court dismissed her action without any prior warning. Because we find that the trial court abused its discretion in dismissing Lowery's action, we reverse and remand for a trial on the merits.

## I. PROCEDURAL BACKGROUND

This lawsuit, filed by plaintiff-appellant Lowery on December 19, 1988, is a dispute over the alleged mishandling of two trusts. Appellee Boudinot Atterbury, as trustee, and others were named as defendants. The complaint sought an accounting of trust assets, declaratory and injunctive relief, removal of the trustee, and damages for breach of fiduciary duty.

The matter was set for trial on July 30, 1990. On July 23, the trial court was advised that certain issues had been settled and that the liability and damage issues were being referred to an independent expert for evaluation. Based on this information, the trial court vacated the July 30 trial date and set the matter for a docket call on November 5.

During August through October, the parties engaged in settlement negotiations. At the November 5 docket call, Mr. Westbrook, counsel for all defendants except Charles Jenney, requested that the court place the matter at the end of the docket because the parties were close to settlement. The trial was set for November 26, 27, and 28.

During the negotiations, Lowery was presented with numerous drafts of a proposed settlement agreement. On November 20, she saw the final draft which restricted her right to a trust accounting and limited her possession of the trust assets. At this time, Lowery informed her counsel, Mr. Looney, that she would not accept the settlement agreement until she could obtain a second opinion. She instructed Looney to seek a continuance and not to pre-

pare for trial. Looney attempted to notify the trial court and all defendants that (1) settlement negotiations were at an impasse, (2) Lowery was seeking a continuance, and (3) Lowery had discharged him. Looney was unable to reach Westbrook who was on vacation.

On November 26, Looney and Westbrook appeared before the trial court. Looney requested a continuance to allow Lowery to obtain a second opinion. Looney and Westbrook advised the court that, despite diligent efforts, the matter had not been settled. Neither Westbrook nor Looney was prepared for trial. At the conclusion of the hearing, the trial court ruled sua sponte that because Lowery was unprepared for trial, the complaint would be dismissed for want of prosecution. On December 19, at a hearing on the presentment of the order of dismissal, the trial court heard argument regarding whether the dismissal should be with or without prejudice. At the close of this hearing, the trial court ruled that the dismissal would be with prejudice. This appeal followed.

## II. DUE PROCESS ANALYSIS

Turning first to Lowery's due process argument, we find no merit in her contention that dismissal under Rule 41(B) violated her due process rights. Lowery argues that had she realized that the district court would dismiss her action with prejudice rather than grant a continuance, she would have proceeded to trial. Lowery argues that because a dismissal under Rule 41(B) is an adjudication on the merits, she is entitled to notice and a hearing prior to dismissal. Because the district court failed to warn her of the imminent dismissal, Lowery argues that she was denied her right to due process.

In so arguing, Lowery overlooks established authority to the contrary. We have held that Rule 41(B) does not require notice and a hearing prior to dismissal. *Newsome v. Farer*, 103 N.M. 415, 420, 708 P.2d 327, 332 (1985). In any event, Lowery was provided with notice and a hearing after dismissal but prior to the district court's de-

termination of whether the dismissal would be with or without prejudice. Thus, Lowery was not denied her right to due process by the trial court's dismissal of her action.

## III. ABUSE OF DISCRETION ANALYSIS

Lowery's main argument is that dismissal of her action under Rule 41(B) was an abuse of discretion by the trial court. Lowery argues that we should adopt the analysis used in the majority of federal courts for dismissal with prejudice under the parallel Fed.R.Civ.P. Rule 41(b).[1] Lowery acknowledges that the trial court has the inherent power to dismiss an action sua sponte under Rule 41(b). *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). According to Lowery, dismissal under Rule 41(b) may be used as a last resort when (1) the record shows a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions have been explored without success by the trial court. *See, e.g., Enlace Mercantil Internacional v. Senior Indus.*, 848 F.2d 315, 317 (1st Cir.1988); *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir.1988); *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 186–87 (D.C.Cir.1985). Lowery also contends that the trial court is obligated to warn a plaintiff that dismissal is imminent. *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir.1987). *Cf.* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2370 (1971) (plaintiff's inactivity more likely to justify dismissal if coupled with prior warning from court). Federal courts will not disturb a dismissal entered pursuant to Fed.R.Civ.P. 41(b) unless the trial court abused its discretion. *Enlace*, 848 F.2d at 317; *McNeal*, 842 F.2d at 792; *Hamilton*, 811 F.2d at 499; *Trakas*, 759 F.2d at 186.

Under the above analysis, Lowery argues that her actions do not show a record of delay or contumacious conduct sufficient to warrant dismissal. She also contends that the trial court failed to consider lesser sanctions before imposing the ultimate sanction of dismissal. Further, she argues

1. SCRA 1986, 1–041(B) and Fed.R.Civ.P. 41(b) are nearly identically worded.

that the trial court failed to give her a warning that dismissal was imminent. For these reasons, Lowery concludes that the trial court abused its discretion.

■ Dismissal with prejudice is an extreme measure that should be used sparingly. *Newsome v. Farer*, 103 N.M. 415, 420, 708 P.2d 327, 332 (1985); *Beverly v. Conquistadores, Inc.*, 88 N.M. 119, 121, 537 P.2d 1015, 1017 (Ct.App.), *cert. denied*, 88 N.M. 318, 540 P.2d 248 (1975). Dismissals under Rule 41(B) are limited to instances where the plaintiff's conduct warranting dismissal is extreme. *Newsome*, 103 N.M. at 421, 708 P.2d at 333 (willful disregard of court order); *Beverly*, 88 N.M. at 121–22, 537 P.2d at 1017–18 (same). In addition, the trial court must consider lesser sanctions prior to dismissal. *Newsome*, 103 N.M. at 421, 708 P.2d at 333. We will not disturb an order of dismissal under Rule 41(B) absent a showing that the trial court abused its discretion. *Id.* at 420, 708 P.2d at 332. A district court abuses its discretion if the dismissal is "without logic or reason," or if it is "clearly unable to be defended." *Id.*

■ Under the above test, we must first determine if Lowery's failure to be prepared on the date set for trial was extreme. Prior New Mexico decisions have not explicitly outlined a method for determining whether a plaintiffs actions are extreme; however, federal courts have developed a flexible analysis that looks to the totality of the circumstances. *See Enlace*, 848 F.2d at 317; *McNeal*, 842 F.2d at 790.[2] Under this analysis, federal courts consider "aggravating factors" including: (1) whether the plaintiff personally contributed to the delay; (2) whether the delay caused the defendant actual prejudice; and (3) whether the delay can be characterized as intentional. *McNeal*, 842 F.2d at 790. We believe that this flexible approach will enable the trial court to effectively and expeditiously manage its case load, *Miller v. City of Albuquerque*, 88 N.M. 324, 329,

540 P.2d 254, 259 (Ct.App.), *cert. denied*, 88 N.M. 318, 540 P.2d 248 (1975), while encouraging the trial court to decide cases on their merits. *Albuquerque Prod. Credit Ass'n v. Martinez*, 91 N.M. 317, 319, 573 P.2d 672, 674 (1978). We adopt this flexible approach to dismissal under Rule 41(B) and, thus, we must examine Lowery's conduct under the totality of the circumstances.

In *Newsome*, we distinguished between willful conduct that would warrant dismissal and merely negligent or accidental behavior that would not warrant dismissal. *Newsome*, 103 N.M. at 420–21, 708 P.2d at 332–33. We found that the plaintiff in *Newsome* acted willfully when he failed to appear for document production after he had been notified by the court of the time and place to appear. *Id.* In the instant case, Lowery was aware of the trial date and failed to prepare for trial. Thus, Lowery's conduct was willful.

While Lowery's conduct was willful, we are not convinced that, under the totality of the circumstances, it was so extreme as to justify dismissal. Prior New Mexico decisions have found extreme conduct warranting dismissal when a plaintiff arrogantly refused to obey a court order, *Beverly*, 88 N.M. at 122, 537 P.2d at 1018, and when the plaintiff's conduct prevented progress in the litigation and the plaintiff failed to explain this conduct. *Newsome*, 103 N.M. at 421, 708 P.2d at 333. While no New Mexico cases have addressed whether dismissal of a plaintiff's action under Rule 41(B) for failure to prosecute is proper when the plaintiff has failed to prepare but has offered a reasonable explanation for the lack of preparation, numerous federal cases under Fed.R.Civ.P. 41(b) have reversed under similar circumstances. *See McNeal*, 842 F.2d at 789–93 (plaintiff unprepared for trial after discharging attorney prior to trial because attorney failed to keep plaintiff informed regarding progress

---

**2.** We cite federal cases only to the extent that we find them instructive and not as binding precedent. *See Smith v. FDC Corp.*, 109 N.M. 514, 517, 787 P.2d 433, 436 (1990) ("Our reliance on the methodology developed in the federal courts, however, should not be interpreted as an indication that we have adopted federal law as our own * * * * [B]y this opinion, we are not binding New Mexico law to interpretations made by federal courts of the federal statute.").

of litigation); *Grochal v. Aeration Processes, Inc.*, 797 F.2d 1093, 1096–97 (D.C.Cir.1986) (plaintiff failed to subpoena essential expert witness who became unavailable on date of trial), *vacated as moot*, 812 F.2d 745 (1987); *Trakas*, 759 F.2d at 187–88 (plaintiff unable to travel to Washington for trial due to financial difficulties); *Richman v. General Motors Corp.*, 437 F.2d 196, 199–200 (1st Cir.1971) (plaintiff unable to proceed because of unavailability of expert witnesses).

In the instant case, Lowery offered a reasonable explanation for her failure to be prepared for trial. She had been involved in settlement negotiations for an extended period of time prior to the trial date. Less than one week prior to the trial date, she was presented with a settlement agreement. She contacted the two attorneys who previously had represented her in this matter and they advised her that she should not accept the agreement. Both attorneys voiced concern that her current counsel was advising her to accept the settlement. Based on these circumstances, Lowery rejected the settlement agreement and instructed her counsel to seek a continuance so that she could obtain a second opinion.

In addition, the trial court relied heavily on the fact that Lowery had three different lawyers representing her at different times during this action. Based on Lowery's dismissal of her third attorney on the eve of trial, the trial court concluded that Lowery was acting deliberately to stall prosecution of her action. We believe that the facts do not support this conclusion. Lowery did indeed have three different attorneys during the pendency of this action, but the attorneys were from the same firm. More importantly, Lowery was not responsible for this change in representation. Her first attorney left the law firm to join the district attorney's office and her second attorney was appointed to the bench. Further, the changes in counsel prior to the date of trial did not delay the prosecution of the action. Finally, the record does not indicate that Lowery had previously acted to stall the litigation. Under the totality of

the circumstances, we cannot characterize Lowery's actions as extreme.

Even if Lowery's conduct was extreme, dismissal with prejudice is appropriate only if the trial court considered alternative sanctions short of dismissal. *Newsome*, 103 N.M. at 421, 708 P.2d at 333. As we stated in *Newsome*,

> [t]here are of course a wide variety of other sanctions short of dismissal * * *. The [trial court], however, need not exhaust them all before finally dismissing a case. The exercise of his discretion to dismiss requires only that possible and meaningful alternatives be reasonably explored.

*Id.* (quoting *Von Poppenheim v. Portland Boxing & Wrestling Comm'n*, 442 F.2d 1047, 1053–54 (9th Cir.1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972)).

In the instant case, we are not convinced that the trial court considered any alternative sanctions to that of dismissal. At the time that he dismissed the action, the trial judge stated "[t]oday was the day set for either the tendering of the [settlement] agreement of the parties or the trial of the matter. I'm prepared for one or the other. But that's all I'm prepared for." The trial judge did not consider Lowery's explanation for being unprepared, nor did he inquire into the amount of time that Lowery would need to prepare for trial. In addition, he did not consider that the parties made diligent efforts to settle this matter. Further, he did not consider that the dismissal would be a windfall for the defendants, who also were unprepared for trial.

The actions by Lowery can be contrasted with those of the plaintiff in *Newsome*. In that case, we upheld the trial court's dismissal because the court resorted to dismissal only after the plaintiff deliberately ignored a court order, refused to attend an ordered document production, and offered an inadequate explanation for his actions. *Newsome*, 103 N.M. at 421, 708 P.2d at 333. In *Newsome*, we concluded

> [i]t is difficult to imagine a lesser sanction, in the face of petitioner's obdurate position, that would sustain the trial

court's authority to control the course of litigation * * *. [I]n an age of burgeoning protracted litigation, the court need not shrink from harsh sanctions when warranted by a party's disregard of the "basic tenet * * * that a party is required to obey a Court order."

*Id.* (quoting *Perry v. Golub*, 74 F.R.D. 360, 365 (N.D.Ala.1976)) (citations omitted). In Lowery's case, we believe that lesser sanctions should have been considered.

In reviewing a dismissal with prejudice under Rule 41(B), we are mindful of two competing policies. First, the district courts must have the power to manage the "orderly and expeditious disposition of cases." *Miller*, 88 N.M. at 329, 540 P.2d at 259. Competing with the "orderly and expeditious disposition of cases" is our strong preference to decide cases on their merits. *Albuquerque Prod. Credit Ass'n*, 91 N.M. at 319, 573 P.2d at 674. In the instant case, the trial court in weighing these important competing policies tilted the balance unduly toward the "orderly and expeditious disposition of cases" to the detriment of the stated preference to decide cases on their merits. Thus, we find that the trial court abused its discretion and we remand the action for a trial on the merits.

IT IS SO ORDERED.

RANSOM, C.J., and FRANCHINI, J., concur.