This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39206**

**JAYLENE QUILES,**

Plaintiff-Appellant,

v.

**SARA BRENDA MATHEWS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Abigail Aragon, District Judge**

Jaylene Quiles
Las Vegas, NM

Pro Se Appellant

Sara Brenda Mathews
Las Vegas, NM

Pro Se Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiff, who is self-represented, is appealing from a district court order that denied injunctive relief and dismissed the complaint with prejudice after Plaintiff failed to appear for an online hearing. We issued a second calendar notice proposing to affirm the denial of injunctive relief, and we proposed to reverse dismissal of the complaint. Plaintiff has filed a memorandum in opposition, and Defendant has not responded. We affirm in part and reverse in part.

**{2}** Plaintiff filed a complaint for harassment/slander and requested a temporary restraining order against Defendant. [RP 8] The district court ruled against Plaintiff on the merits and dismissed the complaint with prejudice after Plaintiff failed to appear for

an online hearing. [RP 32] We therefore consider whether dismissal was proper as to each ground of relief requested, i.e., the request for injunctive relief, and the merits of Plaintiff's harassment and slander claims.

**{3}** With respect to the denial of injunctive relief, a temporary restraining order may be issued without notice to the other party, and is therefore considered a drastic and extraordinary remedy that is only available where the need for relief is clear and plain. *See Grisham v. Romero*, 2021-NMSC-009, ¶ 19, 483 P.3d 545. Plaintiff had the burden to show (1) that she would suffer irreparable injury unless the injunction was granted; (2) her threatened injury outweighed any damage the injunction might cause to Defendant; (3) issuance of the injunction would not be adverse to the public's interest; and (4) there was a substantial likelihood that she would prevail on the merits. *Id.* ¶ 20. In light of the extraordinary burden that Plaintiff had to satisfy, we conclude that Plaintiff has not shown that the district court erred in denying her request for injunctive relief. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). To the extent that Plaintiff believes that the alleged harassment is on-going, she may seek any appropriate injunctive relief from the district court on remand.

**{4}** With respect to the merits of Plaintiff's complaint for harassment/slander, we construe the district court's order as a dismissal of the complaint pursuant to Rule 1-041(B) NMRA, which allows for involuntary dismissal for failure of the plaintiff to prosecute or to comply with the applicable rules or court orders. However, a Rule 1-041(B) dismissal with prejudice, being a drastic sanction, should only occur where the party's conduct is "extreme." *See Lowery v. Atterbury*, 1992-NMSC-001, ¶ 11, 113 N.M. 71, 823 P.2d 313. The record must indicate willful conduct, as opposed to negligent, accidental, or involuntary noncompliance. *See id.* ¶ 13. In addition, "dismissal with prejudice is appropriate only if the [district] court considered alternative sanctions short of dismissal." *Id.* ¶ 17. Here, dismissal appears to have been based solely on the failure to appear for the online hearing. Absent some basis to conclude Plaintiff's conduct was willful and extreme, we conclude that the district court improperly dismissed the complaint. To the extent that the district court ruling was based on its inherent authority to control its docket, we likewise conclude that reversal is appropriate because our standard of review is the same as the sanctions-based Rule 1-041(B) dismissal. *See Newsome v. Farer*, 1985-NMSC-096, ¶¶ 22-23, 103 N.M. 415, 708 P.2d 327.

**{5}** For the reasons set forth above, we affirm the denial of injunctive relief, and reverse the dismissal of the complaint.

**{6}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**