This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-37913

**MILES WASHINGTON,**

Plaintiff-Appellant,

v.

**BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY, in its capacity as the Body Corporate for NEW MEXICO STATE UNIVERSITY; JOHN DOES 1 through 50, inclusive; NATIONAL COLLEGIATE ATHLETIC ASSOCIATION; and JOHN DOES 51 through 100, inclusive,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Bowles Law Firm
Jason Bowles
Albuquerque, NM

Blum Collins, LLP
Steven A. Blum
Los Angeles, CA

for Appellant

Modrall Sperling
R.E. Thompson
Albuquerque, NM

Bryan Cave Leighton Paisner LLP
Philip Bartz
Washington, DC
Meridyth M. Andresen

Jessica R. Maziarz
Phoenix, AZ

for Appellee National Collegiate Athletic Association

Wilson Elser Moskowitz Edelman & Dicker LLP
Scott D. Sweeney
Denver, CO

for Amicus Curiae Pop Warner Little Scholars

Geiger Law Firm, LLC
Mark P. Geiger
Albuquerque, NM

for Amicus Curiae New Mexico Activities Association

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Plaintiff Miles Washington appeals the district court's dismissal of his complaint against Defendant National Collegiate Athletic Association (the NCAA) with prejudice as a sanction, pursuant to Rule 1-041(B) NMRA and Rule 1-037 NMRA. In its order of dismissal, the district court concluded that Plaintiff and his counsel "failed to comply and cooperate in discovery" on multiple occasions in violation of Rule 1-037. The court specifically found that Plaintiff and the lawyers who represented him (1) "failed to attend the noticed deposition of Plaintiff," (2) "failed to attend another deposition," (3) "failed to respond to written discovery properly served upon Plaintiff," (4) "failed to comply with multiple [c]ourt-ordered deadlines," (5) "refused to respond to Defendants' counsel['s] numerous attempts to negotiate a deposition schedule," and (6) "failed to attend a [c]ourt hearing." Significantly, the district court found that the failure of Plaintiff and his counsel to attend Plaintiff's properly-noticed deposition was "willful." Because Plaintiff has not rebutted the presumption that the district court's order of dismissal is correct, we affirm.

**DISCUSSION**

**{2}** Plaintiff has failed to adequately develop an argument to support his assertion that we should reverse the district court's dismissal order. We begin with Plaintiff's counsel's failure to comply with the provision of Rule 12-318(A)(4) NMRA that requires every brief in chief to include an argument that states the applicable standard of review. This requirement serves an important purpose; the standard of review is the foundation on which every analysis of an appellate issue is built. The standard of review is of even greater significance where, as here, it requires the appellate court to defer to the trial court. In this case, the question is whether the district court abused its discretion. *See Lewis ex rel. Lewis v. Samson*, 2001-NMSC-035, ¶ 13, 131 N.M. 317, 35 P.3d 972

(recognizing that the standard of review for discovery sanctions imposed under Rule 1-037 is abuse of discretion but that appellate courts review sanction orders that result in dismissal more closely than other types of sanctions); *Lowery v. Atterbury*, 1992-NMSC-001, ¶ 11, 113 N.M. 71, 823 P.2d 313 (recognizing that the standard of review for Rule 1-041(B) sanctions is an abuse of discretion). Plaintiff does not recite this deferential standard of review or acknowledge in any other manner that we may not simply substitute our view for the district court's. Counsel compound this major briefing deficiency with another: failure to comply with the provision of Rule 12-318(A)(4) that requires every brief in chief to include citations to legal authority. In the section of Plaintiff's brief in chief addressing the sanction issue, counsel do not cite *any* legal authority whatsoever, even though there is ample authority addressing the topic of discovery sanctions. Plaintiff's counsel do not mention either of the provisions of the Rules of Civil Procedure on which the district court relied. And Plaintiff's counsel do not cite—much less discuss—even one of the several precedential opinions in which our Supreme Court and this Court have interpreted and applied the relevant provisions of those procedural rules. By making an argument that is completely untethered from governing law, counsel have failed to present an issue for our review. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 38, 145 N.M. 186, 195 P.3d 353.

**{3}** In sum, Plaintiff's counsel have not performed basic tasks that are essential to adequately developing an appellate argument, and precedent from our Supreme Court teaches that there are sound reasons for us not to perform those tasks for counsel:

> To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments.

*Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (citation omitted). Without developing an argument in support of his claim of error, Plaintiff cannot carry his burden of rebutting the ordinary appellate presumption that the district court's order of dismissal is correct. *See State v. Aragon,* 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. We therefore affirm.

**{4}** Having concluded that a party's briefing suffers from fatal flaws, we would ordinarily decline to discuss whether that party's claim of error has merit. However, because the dissent concludes that Plaintiff's claim of error has merit, we briefly and generally explain why we disagree.[1] A willful violation of a discovery order may warrant

---

[1]The dissent asserts that Plaintiff's briefing suffices to allow us to address the merits. Dissent ¶ 12. To be clear, we discuss the merits to counter the analysis *supplied by the dissent*, which—unlike Plaintiff's briefs—applies the standard of review and New Mexico law regarding discovery sanctions to the facts of this case. Although counsel for Plaintiff were not obligated to make the case for reversal as skillfully as our esteemed colleague has in her dissent, we believe counsel were obligated to, at a bare minimum, apply the law to the facts.

a sanction, such as dismissal with prejudice, that denies the violating party an opportunity to be heard on the merits. *See United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 202, 96 N.M. 155, 629 P.2d 231. Plaintiff concedes this but argues (for the first time in his reply brief)[2] that the district court erred by concluding that the failure to appear for Plaintiff's deposition was willful. To violate a rule willfully, a party need not have wrongful intent; a "conscious or intentional failure to comply" suffices. *United Nuclear Corp.*, 1980-NMSC-094, ¶ 203 (internal quotation marks and citation omitted). Having carefully reviewed the record, we believe the evidence reasonably supports the conclusion that the violation at issue was conscious or intentional. *See Pub. Serv. Co. of N.M. v. Diamond D Constr. Co.*, 2001-NMCA-082, ¶ 36, 131 N.M. 100, 33 P.3d 651. We recognize that one of the California lawyers representing Plaintiff invited the district court to conclude that responsibility for the deposition belonged to Plaintiff's local counsel in New Mexico, who had become unresponsive. But the district court was not required to accept that excuse. The court was instead free to conclude, based on the arguments and evidence presented, that the failure of Plaintiff and his legal team to appear for his deposition was willful. Considering this significant, willful violation together with the other violations, dismissal of Plaintiff's complaint with prejudice was within the range of sanctions that the district court had discretion to impose under New Mexico law. Neither Plaintiff nor the dissent cites any legal authority that prohibits dismissal with prejudice under circumstances like these. And with respect to the choice of an appropriate sanction within the legally allowed range, we should be especially wary of substituting our judgment, formed at a distance based on a cold record, for the judgment that the district court made from a vantage point far closer to the parties and the lawyers and their behavior throughout the course of the litigation. The question presented is not "whether we would have chosen a more moderate sanction," *United Nuclear Corp.*, 1980-NMSC-094, ¶ 385 (internal quotation marks and citation omitted), but instead whether the district court chose a sanction that is out of legal or logical bounds. The court did not do so here, in our view.

## CONCLUSION

{5}     We affirm.

{6}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

---

The dissent also asserts that we have "entertain[ed]" the merits "cursorily." Dissent ¶ 12. Although we have devoted substantial time and effort to *considering* Plaintiff's arguments, such as they are, as well as the arguments in the dissent, we have intentionally declined to *fully explain* why we have concluded that those arguments do not support reversal. Our decision not to provide a more fulsome explanation was driven by the important principles that our Supreme Court summarized in *Elane Photography*, 2013-NMSC-040, ¶¶ 70-71. Writing a more extensive opinion would waste scarce judicial resources, and we wish to avoid the hazards of issuing an opinion (even one with only persuasive value) that addresses, in any detail, the merits of arguments that Plaintiff's counsel failed to make.

2Appellate courts in New Mexico generally do not address issues raised for the first time in reply briefs. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 29, 127 N.M. 282, 980 P.2d 65.

**I CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge (dissenting).**

**HENDERSON, Judge (dissenting).**

**{7}** I respectfully dissent from the majority opinion on three bases. First, while I acknowledge the deficiencies in Plaintiff's brief in chief with regard to the issue of dismissal as a sanction, I cannot agree, under the facts of this case, that this reason alone is sufficient to swiftly affirm the district court. Second, in my view, the district court's sua sponte dismissal of Plaintiff's strict liability claim with prejudice as a sanction—a claim it had already dismissed on different grounds nearly three years earlier—was unduly punitive. And third, because I would reverse the district court's second dismissal of Plaintiff's strict liability claim as a sanction, I would necessarily address its first dismissal of this claim—the other basis of Plaintiff's appeal—and remand on this issue, as the district court failed to employ the correct legal standard to Plaintiff's strict liability claim. I explain my position after providing a brief background of the case and the facts giving rise to this appeal.

**{8}** Plaintiff is a former member of the New Mexico State University football team. In April 2015, he filed a complaint for strict liability and negligence against Defendant and others alleging that he sustained injuries during football practice, resulting in quadriplegia. Defendant moved to dismiss the complaint pursuant to Rule 1-012(B)(6) NMRA,[3] arguing, among other things, that college football is not an abnormally dangerous[4] activity, thus precluding recovery on a theory of strict liability, and that even if it was, recovery on both strict liability and negligence would be barred pursuant to the doctrine of assumption of the risk.

**{9}** In August 2015, the district court held a hearing and dismissed Plaintiff's strict liability claim with prejudice, reasoning as a matter of law that college football is not an *inherently* dangerous activity such that strict liability is a viable cause of action. The

---

[3]Defendant's motion to dismiss does not cite Rule 1-012(B)(6) directly. However, the motion cites authority premised on this rule, and Plaintiff responded accordingly.

[4]Plaintiff's complaint alleges that "college football is an inherently and/or abnormally dangerous activity" but makes reference only to the six factors set out in the Restatement (Second) of Torts § 520 (1977) to determine whether an activity is abnormally dangerous. The same is true of his briefing on appeal. We recognize that "inherently" and "abnormally" are often used interchangeably, though "an important distinction" exists between the two. *See Saiz v. Belen Sch. Dist.*, 1992-NMSC-018, ¶ 22, 113 N.M. 387, 827 P.2d 102. Indeed, a three-prong test that differs from the factors articulated in the Restatement (Second) of Torts § 520 for abnormally dangerous activities is used to determine whether an activity is *inherently* dangerous. *See Gabaldon v. Erisa Mortg. Co.*, 1999-NMSC-039, ¶ 13, 128 N.M. 84, 990 P.2d 197. Because Plaintiff did not request that his claim below be subject to the test for inherently dangerous activities, and likewise does not request that this Court view his strict liability claim through this lens on appeal, I proceed with the assumption that Plaintiff only intended to allege that college football is an abnormally dangerous activity, and offer no analysis as to whether it may be an inherently dangerous activity.

district court allowed Plaintiff's negligence claims to proceed. At Plaintiff's request, the district court granted leave for Plaintiff to apply for an interlocutory appeal. This Court denied Plaintiff's application.

**{10}** At some point during the litigation, Plaintiff's local counsel fell ill and became unreachable by Plaintiff's out-of-state counsel, Defendant's counsel, and the district court. As a result of local counsel's unresponsiveness and the impact it had on the discovery process, Defendant moved to dismiss "all remaining claims" as a sanction. In response, Plaintiff sought to dismiss his negligence claims against Defendant and requested the district court "enter final judgment on his strict liability cause of action" in order to pursue an appeal on the legal question of whether college football is an abnormally dangerous activity. Defendant did not oppose Plaintiff's desire to dismiss the remaining claims.

**{11}** The district court held a hearing on Defendant's motion, at which time the parties detailed difficulties in the discovery process, due, at least in part, to local counsel's illness and unreachability. Plaintiff reiterated his desire to dismiss the remaining claims voluntarily against Defendant and requested the district court enter a final judgment so that he could pursue an appeal on the strict liability claim. Defendant noted that because Plaintiff agreed to dismiss his remaining claims, the sole issue before the district court at the hearing was whether Defendant was able to recover litigation costs from Plaintiff, as requested in its motion to dismiss. Based on Plaintiff's "failure to comply and cooperate in discovery," the district court dismissed both the strict liability claim and the remaining negligence claims with prejudice as "the ultimate sanction" that it could impose, though it had already dismissed Plaintiff's strict liability claim with prejudice some thirty-two months earlier. Plaintiff filed this appeal.

**{12}** The majority disposes of the case solely on deficient briefing. Yet, the briefing provided is sufficient for the majority to entertain—albeit cursorily—the merits of Plaintiff's claim that the district court improperly imposed dismissal with prejudice of an already dismissed claim. It is true, as the majority notes, that deficient briefing can "create[] a strain on judicial resources and a substantial risk of error" if the appellate court must engage in "speculation" and "develop the arguments itself." *Elane Photography*, 2013-NMSC-040, ¶ 70; Maj. Op. ¶ 3. But, that is not the case here. While Plaintiff's brief in chief suffers from significant shortcomings, it does not leave his position unclear or put this Court in a place to "guess at what [his] arguments might be." *Elane Photography*, 2013-NMSC-040, ¶ 70 (internal quotation marks and citation omitted). For this reason, I believe the merits of Plaintiff's contention that dismissal as a sanction was improper should be explored, and I do so here.

**{13}** Appellate review of the dismissal of claims with prejudice, pursuant to Rules 1-037(D) and 1-041(B), is for an abuse of discretion, though our scrutiny must be stronger because dismissal is a particularly extreme sanction. *See Lewis*, 2001-NMSC-035, ¶ 13; *Lowery*, 1992-NMSC-001, ¶ 9; *United Nuclear Corp.*, 1980-NMSC-094, ¶ 385. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078,

¶ 65, 122 N.M. 618, 930 P.2d 153. The district court's dismissal of a case as a sanction "must be based on its conclusions about a party's conduct and intent, [and] implicit in the standard of review is the question of whether the court's findings and decision are supported by substantial evidence." *Enriquez v. Cochran*, 1998-NMCA-157, ¶ 20, 126 N.M. 196, 967 P.2d 1136. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Diamond D Const. Co.*, 2001-NMCA-082, ¶ 36.

**{14}** To dismiss a case with prejudice as a sanction, it is necessary that the district court evaluate "the violating party's conduct weighed against the underlying principles that cases should be tried on their merits and that dismissal is so severe a sanction that it must be reserved for the extreme case and used only where a lesser sanction would not serve the ends of justice." *Lujan v. City of Albuquerque*, 2003-NMCA-104, ¶ 11, 134 N.M. 207, 75 P.3d 423. Indeed, this Court has held that in cases where discovery violations are at issue, the district court may only dismiss the case "when a party shows flagrant bad faith and callous disregard for one's discovery duties." *Chavez v. Bd. of Cnty. Comm'rs of Curry Cnty.*, 2001-NMCA-065, ¶ 44, 130 N.M. 753, 31 P.3d 1027. Thus, "we must be mindful of the nature of the conduct and level of culpability found by the [district] court and whether the [district] court's sanction appears more stern than necessary in light of the conduct prompting the sanction." *Enriquez*, 1998-NMCA-157, ¶ 20.

**{15}** My review of the record leads me to the conclusion that the district court improperly imposed dismissal with prejudice as a sanction for Plaintiff's litigation conduct. At the time that Defendant moved to have "all remaining claims"[5] dismissed as a sanction for Plaintiff's litigation conduct, only the negligence claim remained. Moreover, following Defendant's motion to dismiss, Plaintiff agreed to voluntarily dismiss his only remaining claim (negligence)—a course of action that Defendant agreed to. Defendant subsequently alerted the district court that, due to the parties' agreement, the sole issue for decision at the hearing on the motion to dismiss was whether an award of litigation costs in favor of Defendant was appropriate. However, rather than simply ruling on the question before it, the district court, of its own accord, dismissed Plaintiff's remaining claim *and* his strict liability claim with prejudice, despite having already dismissed Plaintiff's strict liability claim with prejudice nearly three years earlier.

**{16}** In light of the parties' agreement to dismiss Plaintiff's sole remaining claim (negligence) and Defendant's position that the district court need only rule on the recovery of litigation costs, I do not address the imposition of dismissal as a sanction for discovery misconduct as it relates to this claim, as the decisive issue in this case is the punitive dismissal of Plaintiff's previously dismissed strict liability claim. *See Crist v. Town of Gallup*, 1947-NMSC-012, ¶ 14, 51 N.M. 286, 183 P.2d 156 (stating that appellate courts need not address questions unnecessary for the resolution of the

---

5At the time of the events at issue, Plaintiff also had an active negligence claim against another party. That party is not named in this appeal. For simplicity, I refer only to the negligence claim against Defendant.

case), *superseded by statute on other grounds as stated in Hoover v. City of Albuquerque*, 1954-NMSC-043, ¶ 5, 58 N.M. 250, 270 P.2d 386.

**{17}** Defendant correctly notes that the district court has the authority to revisit interlocutory rulings, like dismissals that do not dispose of a party's claims in their entirety, when appropriate. *See Melnick v. State Farm Mut. Auto. Ins. Co.*, 1988-NMSC-012, ¶ 5, 106 N.M. 726, 749 P.2d 1105 (noting that an interlocutory ruling "leaves the case in the [district] court for further proceedings" and that "the [district] court may revise or rescind an interlocutory order at any time before entry of a judgment that concludes the litigation"); *Barnett v. Cal M Inc.*, 1968-NMSC-159, ¶ 7, 79 N.M. 553, 445 P.2d 974 (noting the district court's ongoing jurisdiction over cases without final judgments and its power to revise its rulings); *see also* Rule 1-054(B) NMRA (providing that "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims"); *cf. Ulibarri v. State of N.M. Corr. Acad.*, 2006-NMSC-009, ¶ 17, 139 N.M. 193, 131 P.3d 43 (noting that a district court may reconsider a partial grant of summary judgment since such a ruling is interlocutory); *Thompson v. Potter*, 2012-NMCA-014, ¶ 5, 268 P.3d 57 ("The denial of a summary judgment motion is an interlocutory order and may be reconsidered by the district court at any time before final judgment."). Even so, I cannot adopt the majority's view that such an action was not an abuse of discretion in this case.

**{18}** I view the district court's decision to dismiss the strict liability claim as a sanction as inappropriate, particularly because it had dismissed this claim nearly three years earlier. Indeed, the district court ordered "[d]ismissal of the entire action with prejudice as a sanction, including dismissal of Plaintiff's strict liability claim . . . for . . . discovery misconduct." I reject this reasoning. I recognize that the district court found that failure to attend certain depositions by Plaintiff's counsel was "willful" and that it sought to impose "the ultimate sanction" for this conduct. Presumably, however, the discovery process during which any misconduct occurred was tailored to Plaintiff's negligence claim, as Plaintiff's strict liability claim was dismissed with prejudice on Rule 1-012(B)(6) grounds only four months after Plaintiff filed the complaint. *See* Rule 1-012(B) (providing that dismissal for "failure to state a claim upon which relief can be granted" must be based on the pleadings alone).

**{19}** The majority makes much of two things: (1) the district court's use of the word "willful" in its order dismissing Plaintiff's entire case with prejudice as a discovery sanction; and (2) the absence of "any legal authority that prohibits dismissal with prejudice under circumstances like these." Maj. Op. ¶¶ 1, 4. To be clear, these circumstances, as I understand them, comprise a case where discovery for Plaintiff's strict liability claim was no longer active because that claim was dismissed by the district court nearly three years prior, yet the district court reached back, without prompting by Defendant, to again dismiss Plaintiff's strict liability claim with prejudice, this time as a discovery sanction.

**{20}** First, while the majority correctly sets out the "test of willfulness" quoted in *United Nuclear Corp.*, 1980-NMSC-094, ¶ 203, Maj. Op. ¶ 4, it ignores our duty to "be mindful of the nature of the conduct and level of culpability found by the [district] court and whether the [district] court's sanction appears more stern than necessary in light of the conduct prompting the sanction," *Enriquez*, 1998-NMCA-157, ¶ 20. The root of discovery noncompliance in this case is the disappearance of Plaintiff's local counsel. While it may be true that in the proceedings below, Plaintiff is the only one that articulated with specificity the particular reasons for local counsel's disappearance, i.e., severe illness and resulting issues from medication, the fact that local counsel became unreachable by all interested parties is undisputed. It is also undisputed that Defendant did not move for dismissal of Plaintiff's strict liability claim as a sanction, as that claim had been dismissed long before the relevant events here. Lastly, it is undisputed that instead of affording Defendant the relief requested and unopposed by Plaintiff, i.e., dismissal of Plaintiff's negligence claim, the district court went considerably further, reaching back to reconsider the dismissal of a claim it had already dismissed nearly three years earlier.

**{21}** In my view, these realities undermine the majority's position that on-point legal authority is necessary to reverse the district court's order, when in fact, the standard of review this Court is supposed to employ in a situation like this requires determination of whether the district court's conclusion can be accepted by reasonable minds. *See Diamond D Const. Co.*, 2001-NMCA-082, ¶ 36 (setting out the definition of substantial evidence); *Enriquez*, 1998-NMCA-157, ¶ 20 (noting that appellate review for substantial evidence is "implicit in the standard of review" for an abuse of discretion in cases where a discovery sanction is at issue). Under this standard, I fail to see how dismissal without prejudice of an already dismissed claim for which discovery was not being conducted as a discovery sanction is congruous with the undisputed conduct giving rise to the discovery noncompliance at issue here—noncompliance occurring wholly in the discovery process for Plaintiff's negligence claim that the parties agreed to dismiss. To be sure, I am not suggesting that the district court cannot exercise discretion to review an interlocutory order. Rather, it is my position that the district court abused its discretion by imposing a sanction that was neither tailored to the discovery conduct at issue nor designed to "serve the ends of justice." *Lujan*, 2003-NMCA-104, ¶ 11. For these reasons, I must dissent from the majority opinion on this issue.

**{22}** As noted above, because I would reverse on this basis, I necessarily address the district court's first dismissal of the strict liability claim on Rule 1-012(B)(6) grounds. Rule 1-012(B)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." This Court conducts a de novo review of the district court's dismissal of a claim under Rule 1-012(B)(6). *Madrid v. Vill. of Chama*, 2012-NMCA-071, ¶ 12, 283 P.3d 871. "A motion to dismiss a complaint for failure to state a claim upon which relief can be granted merely tests the legal sufficiency of the complaint." *McNutt v. N.M. State Trib. Co.*, 1975-NMCA-085, ¶ 25, 88 N.M. 162, 538 P.2d 804. Thus, appellate review "assume[s] the veracity of all properly pleaded allegations in the complaint." *Davis & Assocs., Inc. v. Midcon, Inc.*, 1999-NMCA-047, ¶ 20, 127 N.M. 134, 978 P.2d 341. Rule 1-012(B)(6) motions to dismiss offer a "drastic remedy" and should be "infrequently

granted." *Rummel v. Edgemont Realty Partners, Ltd.*, 1993-NMCA-085, ¶ 9, 116 N.M. 23, 859 P.2d 491.

**{23}** Strict liability may be based on either abnormally or inherently dangerous activities, each of which has a separate test to determine if the activity at issue qualifies as abnormally or inherently dangerous. *Compare Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶¶ 13, 15, 134 N.M. 77, 73 P.3d 215, *with Gabaldon*, 1999-NMSC-039, ¶¶ 2, 19. "[T]he determination of whether an activity is abnormally dangerous is a question of law for a court to decide." *Apodaca*, 2003-NMCA-085, ¶ 15. New Mexico has adopted the six factors set out in the Restatement (Second) of Torts § 520 to determine whether an activity is abnormally dangerous. *Apodaca*, 2003-NMCA-085, ¶¶ 15, 21. They are as follows:

> (a) existence of a high degree of risk of some harm to the person, land or chattels of others;
>
> (b) likelihood that the harm that results from it will be great;
>
> (c) inability to eliminate the risk by the exercise of reasonable care;
>
> (d) extent to which the activity is not a matter of common usage;
>
> (e) inappropriateness of the activity to the place where it is carried on; and
>
> (f) extent to which its value to the community is outweighed by its dangerous attributes.

*Id.* ¶ 21 (quoting Restatement (Second) of Torts § 520).

**{24}** My review of the transcript of the hearing on Defendant's motion to dismiss and the district court's subsequent written order offer little insight into the district court's legal conclusion on this issue. Indeed, at the hearing, the district court did not analyze Plaintiff's claim under the six factors to determine whether an activity is abnormally dangerous as argued by Plaintiff and outlined above. Rather, the district court, with no elaboration, appeared to only employ the three-prong test adopted in *Gabaldon* to determine whether an activity is *inherently* dangerous. *See* 1999-NMSC-039, ¶ 13. The district court's written order makes reference, without analysis, to Restatement (Second) of Torts § 520, and otherwise relies on "the reasons that appear in the existing record." Thus, nowhere in the record are the Restatement factors analyzed as required. *See* Restatement (Second) of Torts § 520 cmt. f (noting that every factor must be analyzed and that each is "of importance").

**{25}** In light of this, the record is insufficient to compel meaningful review on this issue. The Restatement standard for abnormally dangerous activities that New Mexico has adopted requires the district court to ascribe to each factor listed above such weight as is warranted based "upon the facts in evidence." Restatement (Second) of Torts §

520 cmt. l; *see also Apodaca*, 2003-NMCA-085, ¶ 19 (noting the applicability of the six factors from the Restatement (Second) of Torts § 520). Furthermore, it is necessary to reiterate that we have never held that only certain activities can qualify as abnormally dangerous, particularly if the "facts warrant" extension of this qualification to additional situations. *Apodaca*, 2003-NMCA-085, ¶ 19. If the district court is unable to clearly articulate the facts on which it based its ruling, meaningful appellate review is also elusive. *See Ruiz v. City of Albuquerque*, 1978-NMCA-015, ¶ 40, 91 N.M. 526, 577 P.2d 424 (stating that while Rule 1-012 does not require the district court to enter findings of fact and conclusions of law, "[i]t is of assistance to this Court to know the reasons why a final order is granted or denied below"); *see also Salcido v. Farmers Ins. Exch.*, 2004-NMCA-006, ¶ 19, 134 N.M. 797, 82 P.3d 968 (noting that even where a rule does not require findings of fact from the district court, this Court "encourage[s] all district courts to request and enter factual findings to facilitate meaningful review").

**{26}** For these reasons, I would remand on the legal question of whether college football is an abnormally dangerous activity such that strict liability is a viable cause of action, and instruct the district court to employ the correct legal standard applicable to Plaintiff's claim and to do so in a manner that permits meaningful appellate review.

**{27}** Finally, I note that Defendant's invitation to consider Plaintiff's standing and assumption of the risk is premature. If these defenses were applicable, Defendant could choose to properly raise them in the proceedings below. However, the district court did not rule on these questions and thus, they are not properly before this Court for appellate review at this juncture. *See Luginbuhl v. City of Gallup*, 2013-NMCA-053, ¶ 41, 302 P.3d 751 (stating that, in the absence of consideration or ruling by the district court, an issue "is not properly before this Court").

**{28}** To summarize, I would reverse the district court's second dismissal of Plaintiff's strict liability claim with prejudice as a discovery sanction. Further, I would remand this case to the district court with instructions that it utilize the legal standard applicable to abnormally dangerous activities in ruling on Defendant's Rule 1-012(B)(6) motion to dismiss Plaintiff's strict liability claim. Because the majority affirms on the district court's discovery sanction and does not reach the district court's dismissal of Plaintiff's strict liability claim on Rule 1-012(B)(6) grounds, I respectfully dissent.

**SHAMMARA H. HENDERSON, Judge**